UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PNC BANK, N.A.,

    Plaintiff,

v.                                            Case No:   6:13-cv-1973-Orl-31TBS

FAMILY INTERNAL MEDICINE, P.A. and
RAM K. REDDY,

    Defendants.

## REPORT AND RECOMMENDATION

This case comes before the Court on Defendant Ram K. Reddy's ("Reddy") answers to Plaintiff's complaint, filed on behalf of himself and Defendant Family Internal Medicine, P.A ("FIM").  (Docs. 10, 11).   In the answers, Reddy states that this case should have been brought in the Ninth Judicial Circuit Court in and of Orange County, Florida.   Plaintiff has filed responses in opposition.   (Docs. 13, 14).   To the extent Reddy's papers constitute motions to dismiss for a lack of subject matter jurisdiction or improper venue, I recommend they be **DENIED**.

### Background

Plaintiff seeks amounts allegedly due and owing to it pursuant to a promissory note executed and delivered by FIM and guaranteed by Reddy on January 11, 2010 in the amount of $150,000.   The parties changed the terms of the agreement twice and have amended the loan documents three times.   Plaintiff alleges that Defendants defaulted on the note by failing to make a balloon payment of all remaining principal, interest, and fees due and owing as of May 27, 2013.   As a result of Defendants' alleged default, Plaintiff accelerated the full amount due and demanded payment, first on August 15, 2013, and

then on November 12, 2013. Plaintiff states that as of November 26, 2013 it was owed $266,423.65. It filed this suit on December 23, 2013 on the basis of diversity jurisdiction, seeking to recover from FIM as the borrower and from Reddy as the guarantor.

Reddy filed answers on behalf of himself and FIM, in which he makes the argument that state court would be a more appropriate forum for this case. In support, he states that FIM is a Florida corporation, not a "U.S. Corporation," and thus jurisdiction is proper in a Florida state court; that the parties conducted their business in Orange County; Defendants were not aware that Plaintiff was a Delaware corporation; suit should have been filed first in state court before it could have been removed to this Court; and this case will be subject to Florida law.

### Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). Where, as here, a plaintiff bases its claims on diversity jurisdiction, it must prove that there is complete diversity of citizenship between the plaintiff and defendants and that the amount in controversy exceeds $75,000. 28 U.S.C. 1332. A defendant may file a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Plaintiff has alleged that it is a citizen of Delaware and that Defendants are citizens of Florida. It has also averred that the amount in controversy is at least $266,423.65. Generally, a plaintiff satisfies the $75,000 amount in controversy requirement by claiming a sufficient sum in good faith. Federated Mut. Ins., 329 at 807 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)). Reddy has not argued that the parties lack diversity or that the amount in controversy requirement is not met. Instead, he argues that the case is better suited to a Florida

state court because the parties conduct their business in Florida, FIM is a Florida corporation, the case is simple, and he implies that Plaintiff should have filed the case in the Orange County courts first. These reasons do not divest the Court of jurisdiction.

### Rule 12(b)(3)

Reddy also appears to argue that the Middle District of Florida is the improper venue for this case. The federal rules provide that a defendant may seek to dismiss a case based upon improper venue. Fed. R. Civ. Pro. 12(b)(3). Venue is governed by 28 U.S.C. § 1391(b), which provides,

> A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Reddy's listed address shows that he resides in Orlando, Florida and FIM's listed address is in Orlando, Florida. Plaintiff also alleges that the loan documents attached to the complaint were executed and defaulted upon in Orlando, Florida. Thus, venue in the Middle District of Florida, Orlando Division, is proper.

### Order to Strike

Finally, Reddy has improperly filed an answer on behalf of FIM, which is a corporation. A "corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202-03 (1993); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). In addition, the Middle District of Florida Local Rules provide that "[a] corporation may

appear and be heard only through counsel admitted to practice in the Court . . . ." M.D. Fla. Local Rule 2.03(e). Reddy is not licensed counsel, and thus he may not represent FIM in this action. Accordingly, the answer Reddy filed on behalf of FIM is due to be stricken.

### Recommendation

Upon due consideration, I respectfully recommend the Court:

(1) **DENY** Reddy's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(3);

(2) **STRIKE** FIM's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(3); and

(3) **GIVE** FIM 30 days to obtain counsel.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on January 31, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties