UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PNC BANK, N.A.,

    Plaintiff,

v.                                    Case No:   6:13-cv-1973-Orl-31TBS

FAMILY INTERNAL MEDICINE, P.A. and
RAM K. REDDY,

    Defendants.

## ORDER

This case comes before the Court on PNC Bank's Motion to Strike Obligors' Affirmative Defenses.  (Doc. 25).  Defendants have not filed a response in opposition, and the time within to do so has passed.  Accordingly, the Court may consider the motion unopposed.  See e.g. Fifth Third Bank v. Anchor Investment Corp. of Florida, No. 8:12-cv-364-T-33TGW, 2012 WL 1345113 * 1 (M.D. Fla. Apr.18, 2012

This is an action to recover damages resulting from Defendants' alleged default on loan.  According to Plaintiff's complaint,[1] RBC Bank (USA) made a loan to Defendant Family Internal Medicine, P.A., which was guaranteed by Defendant Ram K. Reddy. Plaintiff, as successor-in-interest by merger to RBC Bank (USA) owns and holds the loan. The loan has matured, Defendants have failed to pay the debt, and Plaintiff filed this action for payment of the promissory note and on the guaranty.  Defendants have pled six affirmative defenses, (Doc. 24 at 3-4), and Plaintiff asks the Court to strike all of them.

---

[1] Unless otherwise stated, all facts taken from Plaintiff's complaint (Doc. 1).

Affirmative defenses admit the averments in the complaint but avoid liability, in whole or in part, based upon new allegations showing excuse, justification, or some other negating matter.  Bluewater Trading LLC v. Willmar USA, Inc., No. 07-61284-CIV, 2008 WL 4179861 * 1 (S.D. Fla. Sept. 9, 2008).  "Rule 8 'does not obligate a defendant to set forth detailed factual allegations' but only to 'give the plaintiff fair notice of the nature of the defense and the grounds upon which its rests.'" Smith v. Wal-Mart Stores, Inc., No. 1:11-cv-226-MP-GRJ, 2012 WL 2377840 *3 (N.D. Fla. June 25, 2012) (quoting Bartram, LLC v. Landmark Am. Ins. Co., No. 1:10-cv-28, 2010 WL 4736830 *1 (N.D. Fla. Nov. 16, 2010).  At the pleading stage, the court assumes all facts alleged in the plaintiff's complaint and in the defendant's affirmative defenses are true.  Muschong v. Millenium Phys. Group, LLC, No. 2:13-cv-705-FtM-38-CM, 2014 WL 1268574 *2 (Mar. 27, 2014). (citing Ramnarine v. RG Group, Inc., No. 12-802640CIV, 2012 WL 2735340 *3 (S.D. Fla. July 9, 2012); Holtzman v. B/E Aerospace, No. 07-80551-CIV, 2008 WL 2225668 *1 (S.D. Fla. May 29, 2008)).

The court has the authority to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  But, a motion to strike is a drastic remedy generally disfavored by the courts and will ordinarily be denied unless the material sought to be stricken is insufficient as a matter of law. Guarantee Ins. Co., v. Brand Mgmt. Service, Inc., No. 12-61670-CIV, 2013 WL 4496510 *2 (S.D. Fla. Aug. 26, 2013); Guididas v. Community National Bank Corp., No. 8:11-cv-2545-T-30TBM, 2013 WL 230243 *1 (M.D. Fla. Jan. 22, 2013); Gesell v. K-Mart Corp., No. 2:11-cv-130-FtM-36SPC, 2011 WL 3628878 * 1 (M.D. Fla. Aug. 3, 2011); Williams v. Asplundh Tree Expert Co., No. 3:05-cv-479-J-20MCR, 2006 WL 2474042 *2 (M.D. Fla. Aug. 25, 2006).

An affirmative defense is insufficient as a matter of law only if the defendant cannot succeed under any set of facts which it could prove.  Florida Software Systems v. Columbia/HCA Healthcare Corp., No. 97-2866-cv-T-17B, 1999 WL 781812 *4 (M.D. Fla. Sept. 16, 1999).   The court should "not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).   Because this is a difficult standard to satisfy, "[m]otions to strike are generally disfavored by the Court and are often considered time wasters."  Somerset Pharm., Inc., v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla. 1996).

Defendants' first affirmative defense is that Plaintiff lacks standing to bring this action.   Typically, a defendant bears the burden to prove their affirmative defenses, but it is Plaintiff's burden to prove standing.   See Muschong, 2014 WL 1268574 *3. Defendants' assertion that Plaintiff lacks standing is a denial that Plaintiff has the right to pursue in this action–it is not an additional fact which exculpates them from liability. Therefore, Plaintiff's alleged lack of standing is not an affirmative defense.   Still, Defendants' allegation is pertinent to this dispute, does not confuse the issues, and does not unfairly prejudice Plaintiff.   Accordingly, the Court **DENIES** Plaintiff's motion to strike Defendants' first affirmative defense.   The Court will treat this defense as nothing more than a further denial of the averments in the complaint.

Defendants' second affirmative defense states that the complaint fails to state a cause of action upon which relief can be granted because Plaintiff has not alleged any facts to support its claim that it holds the promissory note.   This too, is not an affirmative defense.   Once again, Defendants have not made a new allegation showing excuse,

justification, or some other negating matter.  See <u>Maglione-Chenault v. Douglas Realty & Dev., Inc.</u>, No: 2:13-cv-811-FtM-38CM, 2014 WL 1389575 *3 (M.D. Fla. Apr. 9, 2014) (finding that a defense which alleged that plaintiff failed to state a cause of action was a specific denial and not a valid affirmative defense); <u>Rosada v. John Wieland Homes and Neighborhoods, Inc.</u>, No. 3:09-cv-652-J-20MCR-2010 WL 1249841 *2 (M.D. Fla. Mar. 25, 2010) (Same).   Still, this allegation pertains to the dispute, does not confuse the issues, and does not unfairly prejudice Plaintiff.  Accordingly, the Court will **DENY** Plaintiff's motion to strike Defendants' second affirmative defense.  The Court will treat this affirmative defense as nothing more than a further denial of the averments in the complaint.

Defendants' third defense alleges that Plaintiff failed to satisfy all conditions precedent to bringing this action.  Plaintiff properly alleged the satisfaction, performance or waiver of all conditions precedent in paragraph 8 of its complaint.  (Doc. 1. ¶8).  See Fed. R. Civ. P. 9(c) (providing that the performance or occurrence of conditions precedent need only be plead generally in a complaint).  For the reasons stated above, the denial of compliance with conditions of precedent is not an affirmative defense.  And, if Defendants wished to deny this averment, then they were obliged to do so with particularity.  Fed. R. Civ. P. 9(c).  Defendants have not denied paragraph 8 with particularity, and therefore, Plaintiff's motion to strike Defendants' third affirmative defense is **GRANTED**.

Defendants' fourth affirmative defense asserts that Ram K. Reddy's guaranty is not supported by valid consideration.  Plaintiff argues that this defense should be stricken because it is contradicted by the plain language in the guaranty, and because there are Florida state court cases holding that when a contract and guaranty of the contract are

executed as part of the same transaction, the consideration supporting the contract also supports the guaranty. (Doc. 25 ¶9) (quoting Texaco, Inc. v. Giltak Corp., 492 So.2d 812, 814 (Fla. 1st DCA 1986)). Plaintiff's motion to strike the fourth affirmative defense merely points out a disputed issue of fact. Accordingly, the Court **DENIES** Plaintiff's motion to strike Defendants' fourth affirmative defense.

Plaintiff argues that Defendants' fifth affirmative defense, failure to mitigate damages, is due to be stricken because: it is factually inaccurate; Defendants failed to allege what damages Plaintiff failed to mitigate; and there is no duty to mitigate damages, only a doctrine of avoidable consequences, which holds Plaintiff responsible for those actions which it could have avoided had it exercised "ordinary and reasonable care." (Doc. 25 ¶10 (citing System Components v. Fla. Dept. Transp., 14 So. 3d 967, 982 (Fla. 2009)). Applying the liberal federal pleading requirements, the Court finds that Defendants' fifth affirmative defense is sufficiently pled. And, as above, Plaintiff's argument merely points out another disputed issue of fact. Accordingly, the Court **DENIES** Plaintiff's motion to strike Defendants' fifth affirmative defense.

Defendants' sixth affirmative defense states that Plaintiff has charged Defendants extra fees, including attorney fees, legal costs, and other charges, which are not provided for in the loan documents. Plaintiff argues that Defendants failed to allege ultimate facts to support this defense, that the defense is merely a denial of the claims set forth in the complaint, and that the loan documents provide for the imposition of fees and costs. This defense is not a denial of any allegation in the complaint, but is an assertion of fact outside the facts alleged in the complaint. The facts alleged by Defendants are also sufficiently specific to give fair notice to Plaintiff of the defense Defendants intend to raise.

Therefore, the Court **DENIES** Plaintiff's motion to strike Defendants' sixth affirmative defense.

**DONE** and **ORDERED** in Orlando, Florida on May 22, 2014.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record